IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRION A. SCUDDER, | : | |
| | : | |
| *Plaintiff*, | : | Civil Action No.: 2:21-cv-886 |
| | : | |
| v. | : | |
| | : | |
| INDIANA UNIVERSITY OF PENNSYLVANIA, MICHAEL A. DRISCOLL, TIMOTHY S. MOERLAND, AND ROBERT CAMP, | : : : : | |
| | : | |
| *Defendants*. | : | |

# COMPLAINT

AND NOW, comes the Plaintiff, Brion A. Scudder, by and through his undersigned counsel, Sean A. Casey, Esquire, and files the following Complaint:

**Nature of the Action**

This is an action brought for race, color, and national origin discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1) and the Pennsylvania Human Relations Act (PHRA), and for Violation of First Amendment, the Age Discrimination in Employment Act of 1967 (ADEA), Fraudulent Misrepresentation, Breach of Contract, and creation of a hostile work environment. The Plaintiff, Brion A. Scudder, seeks declaratory, injunctive and compensatory relief for the discriminatory conduct, the retaliation and hostile work environment he endured, the violations and misrepresentations made by the Defendants, and for being terminated from his position by the Defendants in this matter.

**Jurisdiction and Venue**

1. This action arises in part under 42 U.S.C. §2000e *et seq.*, as amended by the Civil Rights Act of 1991, and 42 U.S.C.A. §1981(a).

2. Jurisdiction over Plaintiff's claims is conferred on the Court by 28 U.S.C. §§1331, 1343, and 1367.

3. This action also arises under the Civil Rights Act 42 U.S.C. section 1983 for the violation of Plaintiff's constitutional rights by the Defendants, acting under color of state law.

4. The Court may also maintain supplemental jurisdiction over state law claims set forth herein (or later added) pursuant to 28 U.S.C. section 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

5. Venue in this District is proper under 28 U.S.C. §1391(b)(c).

**Parties**

6. Plaintiff, Brion A. Scudder, is a Pennsylvanian resident residing at 285 Olive Street, Indiana, PA 15701.

7. At all times relevant hereto, the Plaintiff, was a qualified individual, and otherwise possessed of all qualifications necessary to perform the essential functions of the job, and had been an employee of the Defendant Indiana University of Pennsylvania (hereinafter "IUP") through June 4, 2021.

8. Defendant IUP is a Pennsylvania State System of Higher Education ("PASSHE") university located in Indiana County, Pennsylvania, and employs in excess of five hundred (500) employees.

9. Defendant Michael A. Driscoll is the President of IUP, and he is being sued in his official and personal capacity including, but not limited to, prospective monetary damages and injunctive relief. Upon information and belief, the Court has jurisdiction over the Defendant because Defendant works and resides in the Western District of Pennsylvania.

10. Defendant Timothy S. Moerland is the Provost of IUP, and he is being sued in his official and personal capacity including, but not limited to, prospective monetary damages and injunctive relief. Upon information and belief, the Court has jurisdiction over the Defendant because Defendant works and resides in the Western District of Pennsylvania.

11. Defendant Robert Camp is the Dean of the Eberly College of Business and Information Technology, a division of IUP, and he is being sued in his official and personal capacity including, but not limited to, prospective monetary damages and injunctive relief. Upon information and belief, the Court has jurisdiction over the Defendant because Defendant works and resides in the Western District of Pennsylvania.

**Exhaustion of Remedies**

12. The allegations contained in the forgoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

13. On or about February 4, 2021, a Charge was filed with the EEOC against the Defendants in this matter.

14. A right to sue letter was issued by the EEOC on or about April 30, 2021, and this Complaint is being filed within the ninety (90) days of Plaintiff's receipt.

15. Plaintiff has filed a PHRA claim as well, which time period has not yet expired, but will during the litigation in this matter.

## Factual Background

16. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

17. As background for this matter, IUP hired Plaintiff as an associate professor of law in its Finance and Legal Studies Department in August of 2010.

18. Plaintiff is a white, American born, Caucasian male.

19. Plaintiff has experienced ongoing and persistent racial, national origin and color-based discrimination, harassment and retaliation at IUP since 2010.

20. The Eberly College of Business and Information Technology (ECOBIT) consists of fifty-two (52) faculty members in five (5) departments.

21. Plaintiff had previously filed a lawsuit for discrimination and retaliation on or about February 7, 2019, which Complaint included as named Defendants IUP, Michael A. Driscoll as President of IUP, Timothy S. Moreland as Provost of IUP, and Robert Camp as Dean of Eberly College of Business.

22. These individuals expressed very clear disdain and hostilities toward the Plaintiff as a result of his internal complaints, the EEOC Charge, and the federal complaint filed against them.

23. The federal case had been assigned to Judge Cathy Bissoon and assigned the Civil Action Number 2:19-00137.

24. Subsequent to the filing of the first complaint, the Defendants undertook multiple, unwarranted disciplinary actions against the Plaintiff, including a suspension in April of 2019.

25. The President and Provost of IUP initiated six (6) article 42 investigations within three (3) months of the initial complaint filing with the federal court.

26. During that same time frame, there was a request for an interim evaluation, even though he was already scheduled to undergo his five (5) year evaluation that year.

27. Said suspension lasted approximately a year and a half, with no clear justification.

28. As a result of these unwarranted disciplinary actions, Plaintiff was forced to file an additional EEOC Charge and subsequent Complaint for what was clearly retaliatory conduct on the part of the Defendants.

29. In the discovery phase of the litigation for the first complaint filed, the President of IUP, the Provost of IUP, and the Dean of Eberly College of Business were all deposed.

30. These depositions reflected a clear lack of understanding of their obligations under Title VII of the Civil Rights Act, as well as disdain for having to deal with the issues raised by the Plaintiff.

31. After the completion of discovery, there was a post discovery conference wherein Judge Bissoon mediated a settlement of the matter with the parties.

32. The terms of that settlement included a number of very specific terms regarding the Plaintiff's reinstatement to active employment, dismissal of disciplinary matters, deletions of certain items from his file after six (6) years, as well as a delay of his five (5) year review to the fall of 2021.

33. What was very clearly contemplated and presented was continued employment as a tenured professor with all benefits and considerations as they had previously existed.

34. At no point was there any discussion of intended changes to the department, curriculum, or faculty within the Plaintiff's department that would have affected his position.

35. Plaintiff and Defendant executed their settlement agreement in early August of 2020, and subsequently dismissed the action pending in the Western District Court.

36. Being reinstated to what was expected to be a safe, tenured faculty position was a significant consideration for the Plaintiff in settling the matter in the way in which he did.

37. There were several provisions of the settlement agreement which provided for protections of the Plaintiff's rights, and very clearly indicated that he would remain in his position through the 2021-2022 school year, wherein he would receive his five (5) year review.

38. In September of 2020, pursuant to the settlement agreement, the Plaintiff attempted to confirm that letters he submitted to his personnel file were in fact in that file, at which point he was advised that his file was in the President's office, and had been there for over a year.

39. Plaintiff then became aware in October of 2020 that the University was planning a retrenchment that would affect his department.

40. Shortly thereafter, the Plaintiff discovered that his position was being retrenched, meaning that he would not be employed as a faculty member in the fall of 2021 as discussed in the negotiations of his lawsuit in August of 2020.

41. In order to retrench the Plaintiff, the Defendants had to skip over two (2) temporary and two (2) full-time faculty with less seniority.

42. It should be noted that the retrenchment of the Plaintiff left the department with no qualified personal available to teach the five (5) business law courses in the curriculum.

43. The AACSB, which provides the accreditation for the business school, requires that business law courses be taught by a person with a juris doctor degree.

44. Plaintiff at the time was the most senior legal faculty at the Eberly College of Business and likely on campus, which should have provided opportunities for transition to other positions.

45. There is no indication that the Defendants did anything to locate a position in any other departments that he could transition into.

46. Defendants had attempted to justify their position by indicating they would be eliminating business law courses from their curriculum, which representation was untrue.

47. Defendants also made certain misrepresentations concerning the lack of necessity of business law courses for accredited business programs, which is clearly not the case when looking at programs across the country.

48. Plaintiff's research concerning this issue shows that over 98% of the AACSB accredited business schools have one or more required business law courses, which again, must be taught by faculty with a juris doctor.

49. It is very clear that the representations made to Plaintiff during settlement negotiations were designed to deceive Plaintiff and his counsel in order to resolve the matter before proceeding to trial and prior to the announcement of the retrenchment of Plaintiff's job.

50. Defendants' subsequent actions to remove the Plaintiff under the guise of a retrenchment is transparent and retaliatory.

51. In a department of eight persons, the Plaintiff was fourth in seniority and clearly should have retained his position, suggesting that the actions taken were retaliatory.

52. As further evidence of retaliation, all the retrenched individuals the Plaintiff has spoken with have also filed charges or sued the Defendants for violations similar to that of the Plaintiff.

53. On or about February 4, 2021, the Plaintiff filed a Charge with the EEOC alleging discrimination and retaliation by the Defendants.

54. The Plaintiff received a Dismissal and Notice of Rights dated April 30, 2021, which noted that the EEOC would not be proceeding any further.

## Count 1: Title VII of the Civil Rights Act and PHRA
## Race, Color and National Origin Discrimination

55. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

56. The Plaintiff and the other law faculty retrenched from the department were white male faculty in a department that is predominately of Indian descent.

57. At least one of the faculty not retrenched in this department was a person with less seniority and was also of Indian descent.

58. This is the second time the Plaintiff has been very clearly and unjustifiable singled out in his department.

59. Defendants did not address or investigate the discriminatory and retaliatory conduct that was occurring in the workplace to the Plaintiff.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendants, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the academic community, punitive damages, declaratory and

injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## Count 2: Title VII of the Civil Rights Act and PHRA – Retaliation

60. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

61. The chronology of events in this matter demonstrates clear evidence that the conduct of the Defendants was clearly done in retaliation for prior complaints and actions filed by the Plaintiff, which have drawn attention and focus to the discriminatory acts of the Defendants.

62. Defendants' conduct in retaliation for Plaintiff's complaints constitutes unlawful retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C.A. Section 2000e-, and PHRA.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendants, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the academic community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## Count 3: Violation of the First Amendment
## (Censorship)

63.     Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

64.     The First Amendment of the Constitution of the United States prohibits State Officials at public universities from engaging in conduct, adopting policies, or otherwise engaging in activity of which the purpose of which is to chill the exercise of free speech or expression, or otherwise intimidate faculty in such a way as to narrow or limit the free exercise of their First Amendment Rights. In this case, IUP, as well as the President and Provost have engaged in conduct designed to censor the course materials of the Plaintiff because of their disagreement with the content.

65.     The course materials in question, involved the use of materials that drew into question certain actions on the part of the University and the exercise of rights by faculty as provided by federal statute. The chilling affect from the Defendants' actions in attempting to discipline the Plaintiff in exercising his First Amendment Rights is in violation of the First Amendment and an otherwise unconstitutional action on the part of the Defendants. Defendants adopted these unconstitutional policies and took these unconstitutional actions while acting under the color of state law.

66.     As a result of the Defendants violating the Plaintiff's First Amendment Rights, the Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earnings power, loss of back pay, interest due therein as well as mental anguish, emotional distress, humiliation and damages to reputation.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendants, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the academic community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## **Count 4: ADEA**

67. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

68. Plaintiff was forty-eight (48) years of age when retrenched from his tenured position by the Defendant.

69. Plaintiff is aware of other individuals over the age of forty (40) that have been similarly terminated or otherwise driven from the Defendant's employment.

70. Plaintiff maintains that younger professors have been treated differently, and that his termination is at odds with past practices of Defendant.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendants, and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages,

declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences and such other relief as the Court may deem appropriate.

A jury trial is demanded.

### Count 5: Hostile Work Environment

71.     Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

72.     Plaintiff has repeatedly endured acts of discrimination and retaliation from the Defendants.

73.     The Plaintiff's superiors and agents of the Defendants have increasingly responded to him in a manner that was intensely hostile, with behavior that was both verbally and physically threatening.

74.     As a direct and proximate result of Defendants' actions, the Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendants and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the academic community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## Count 6: Breach of Contract

75. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

76. On or about August 5, 2020, Plaintiff and Defendants executed an agreement negotiated by the parties and prepared by the Defendants' counsel, which agreement was facilitated through a mediation with Judge Cathy Bissoon.

77. As a part of that agreement certain representations were made regarding reinstatement of the Plaintiff to his tenured position, certain protections regarding prior alleged retaliatory conduct and agreement that the Plaintiff's five (5) year review would take place in the fall of 2021.

78. Within two (2) months, the Plaintiff was told that he was being retrenched and essentially terminated from his tenured position, in a manner that was inconsistent with his seniority rights, and clearly in violation of the agreement just completed by the parties.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendants, and award him damages for past lost wages and benefits, future lost wages and benefits, damages for humiliation, embarrassment and inconvenience, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## Count 7: Fraudulent Misrepresentation
## (Fraud in the inducement)

79. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

80. The timing and manner of the Plaintiff's retrenchment reflect that the Defendants had formulated the intention to terminate the Plaintiff's employment at or before the time the parties were carrying on negotiations to resolve the prior case.

81. Defendants' agreement to multiple job security provisions in the settlement release were clearly meant as misrepresentations only to expedite settlement and avoid a trial, which may have otherwise overlapped with, and therefore delayed, Defendants' plan to otherwise retrench and terminate the Plaintiff.

82. The manner in which the Defendants' agents justified the retrenchment of the Plaintiff was also misleading in terms of the stated curriculum modifications and necessity of certain courses taught by the Plaintiff.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendants and award him damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the academic community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

A) Grant a permanent injunction enjoining Defendants, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert and participation with them, from engaging in, ratifying, or refusing to correct, employment practices which interfere with the exercise of rights and/or discriminate in violation of Title VII of the Civil Rights Act, PHRA, ADEA, First Amendment, Breach of Contract, and Fraudulent Misrepresentation;

B) Order Defendants to institute and implement training programs, policies, and practices and programs designed to ensure the Defendants provide proper leave and does not retaliate and/or interfere with those who engage in statutorily protected activity;

C) Order Defendants to make whole Brion Scudder, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, compensate him for lost benefits, and all other affirmative legal and equitable relief necessary to eradicate the effects of its unlawful employment practice;

D) Order Defendants to pay Plaintiff compensatory damages in an amount to be determined at trial;

E) Order Defendants to pay Plaintiff the reasonable attorney's fees and costs and other legal expenses incurred by the Plaintiff in this matter;

F) Order Defendants to remove and expunge, or to cause to be removed or expunged, all negative, discriminatory, and/or defamatory memorandum or other documentation from the Plaintiff's record of employment; and

G) Award the Plaintiff such other legal and equitable relief as the Court deems appropriate and just.

**A JURY TRIAL IS DEMANDED AS TO ALL ISSUES TRIABLE TO A JURY.**

Respectfully submitted,

/s/ Sean A. Casey
Sean A. Casey
PA ID #79806
Email: sean@caseylegal.com

**SEAN A. CASEY, ATTORNEY AT LAW**
First & Market Building
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
T: (412) 201-9090
F: (412) 281-8481