IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRION A. SCUDDER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 21-886 ) Judge Cathy Bissoon |
| INDIANA UNIVERSITY OF PENNSYLVANIA., *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

For the reasons that follow, Defendants' Motion to Dismiss (Doc. 18) will be granted in part and denied in part.

Defendants have not demonstrated entitlement to dismissal of the discrimination and the retaliation claims. At this juncture, Plaintiff need only give Defendants fair notice of these claims and "raise the reasonable expectation that discovery will uncover evidence of discriminatory motive." Gibbs v. City of Pittsburgh, 989 F.3d 226, 230 (3d Cir. 2021) (quoting Martinez v. UPMC Susquehanna, 986 F.3d 261, 267 (3d Cir. 2021)). He has done so for his reverse discrimination claim. *See* Am. Compl. (Doc. 17) ¶¶ 64–65 ("Plaintiff and the other law faculty retrenched from the department were white male faculty in a department that is predominately of Indian descent. At least one of the faculty not retrenched in this department was a person with less seniority and was also of Indian descent.")

Similarly, Plaintiff plausibly has alleged that he was retrenched in retaliation for his previous lawsuit. Contrary to Defendants' assertion, Plaintiff has done more than "merely plead[] that he was retrenched shortly after settling" that lawsuit. Defs.' Br. (Doc. 19) at 5. As

alleged, unbeknownst to Plaintiff, his retrenchment was being considered by Defendants even as the parties engaged in settlement negotiations.  Am. Compl. ¶ 40.  This allegation, which must be accepted as true, certainly raises suspicions.  While it is true that to prevail on the retaliation claim, Plaintiff must establish that his "protected activity was a but-for cause of the alleged adverse action," Univ. of Texas Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 362 (2013), "proving but-for causation as part of [his] ultimate burden of persuasion comes later, and not at the motion-to-dismiss stage."  Carvalho-Grevious v. Delaware State Univ., 851 F.3d 249, 257 (3d Cir. 2017).

Plaintiff's remaining claims do not survive dismissal.  The hostile work environment claim is untenable because it is premised on incidents from the prior lawsuit which was dismissed with prejudice.  To the extent Plaintiff attempts to anchor this claim on being "denied access to his personnel file to confirm aspects of the settlement," Pl.'s Br. (Doc. 21) at 8, such actions do not fit the bill.  See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 116 (2002) (A hostile work environment is one that is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."); Pitzer v. Ringgold Area Sch. Dist., No. CIV. 10-1564, 2012 WL 6052014, at *1 (W.D. Pa. Dec. 5, 2012) (explaining that hostile working environment "is a term of art, and it should not be confused or conflated with other theories of employment discrimination/retaliation.").

Dismissal of the breach of contract claim also is warranted as the Court lacks jurisdiction to adjudicate this claim.[1]  See Nahouraii v. Indiana Univ. of Pennsylvania, No. 2:11-CV-00973, 2015 WL 401422, at *3 (W.D. Pa. Jan. 28, 2015) ("[B]ecause of Pennsylvania's limited waiver

---

[1] This claim is dismissed without prejudice.

of immunity, claims alleging a breach of a contract involving the Commonwealth of Pennsylvania may only be brought before the Pennsylvania Board of Claims."). Finally, Plaintiff consents to the dismissal of the fraudulent misrepresentation claim. Pl.'s Br. at 10.

Consistent with the foregoing, the Court hereby enters the following:

## II. ORDER

Defendants' Motion to Dismiss (**Doc. 18**) is DENIED as to the discrimination and the retaliation claims and GRANTED as to the remaining claims.

IT IS SO ORDERED.

June 27, 2022

s/Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):
All Counsel of Record